IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00097-PAB-SKC

ZVELO, INC.,

        Plaintiff,

v.

AKAMAI TECHNOLOGIES, INC.,

        Defendant.

---

## DEFENDANT AKAMAI TECHNOLOGIES, INC.'S
## REPLY IN SUPPORT OF ITS MOTION TO DISMISS (DKT. 28)

Defendant Akamai Technologies, Inc. ("Akamai") files this Reply in support of its Motion to Dismiss the Complaint of Plaintiff zvelo, Inc. ("zvelo"). Dismissal is proper pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because, as set forth in greater detail below and in Akamai's Motion, zvelo's complaint fails to state a claim for relief.

**A.  Trade Secret Element One: zvelo has not plausibly alleged that it possesses any relevant trade secret.**

In its Response, zvelo acknowledges that the individual URLs and URL categories contained in the zvelo database are not trade secrets; indeed, zvelo concedes, as it must, "that individual URLs and categories are readily ascertainable." Dkt. 38 at 6[1]; *see also*

---

[1] Information that is readily ascertainable by others is not entitled to trade secret protection. *See, e.g., Electrology Lab., Inc. v. Kunze*, 169 F. Supp. 3d 1119 (D. Colo. 2016). DTSA incorporates this requirement expressly within the statutory definition of a trade secret, while CUTSA does not. Nonetheless, information that is readily ascertainable by others is not entitled to trade secret protection under both DTSA and CUTSA. *See Hoyt v. Stahl*, 943 F.2d 57 (10th Cir. 1991) ("The district court rejected AMSI's trade secrets claim [under CUTSA] in large part because much of

https://tools.zvelo.com/#1/check-a-url (public website with lookup tool for zvelo URLs and categories).  zvelo also acknowledges that Akamai "correctly" states that Akamai has not misappropriated zvelo's "proprietary contention classification and malicious detection systems." *Id.*  Indeed, the *only* relevant trade secret zvelo contends in its Response that it possesses is the compilation of billions of URLs and URL categories it refers to as the zveloDB.  Dkt. 38 at 4-6.  But zvelo's Complaint is devoid of any plausible allegation that Akamai has misappropriated the entirety (or even any specific portion) of the zveloDB.

zvelo attempts to deflect attention from its failure to plead a plausible claim of trade secret misappropriation by citing cases for the uncontroversial proposition that a valuable combination of components, each of which is in the public domain, can form a protectable trade secret if "the unified process, design, and operation" of the "unique combination affords a competitive advantage."  *See* Dkt. 38 at 5. But zvelo conspicuously fails to note that even if a compilation of otherwise public information can constitute a trade secret, such a trade secret is protectable ***only*** as a compilation; the individual, publicly-available components of the combination or compilation are not, in and of themselves, protectable trade secrets.  *See, e.g., Haggard v. Spine*, 09-CV-00721CMAKMT, 2009 WL 1655030, at *7 (D. Colo. June 12, 2009) (explaining that a "compilation" of otherwise public, unprotected information can be afforded trade secret protections, but only if that public information is compiled in such a way that is "unique and offers the compiler of the information a competitive advantage"); *Scranton*

---

the probe's design is not unique and novel and involves technology readily available from other public sources…."); *Cont'l Credit Corp. v. Dragovich*, 13-CV-01349-WYD-MJW, 2013 WL 3303976, at *4 (D. Colo. July 1, 2013) ("I find the Referral Source List contains information that is readily available to the public at large. . . . Therefore, I find that Continental has failed to meet its burden of showing that the Referral Source List is a trade secret.").

*Products, Inc. v. Bobrick Washroom Equip., Inc.*, 190 F. Supp. 3d 419, 439 (M.D. Pa. 2016) (noting that "certain component parts of SP's pricing information would not qualify" for trade-secret protections, even if "trade-secret protection may nevertheless be warranted for compilations of this information").

zvelo's trade secret claims should be dismissed precisely because zvelo has alleged only that Akamai is using some unspecified "URLs and categorizations incorporated by zvelo into the zveloDB." Dkt. 1 at ¶ 43. zvelo has not alleged that Akamai has misappropriated any protectable trade secret zvelo may have in "the unified process, design, and operation" of its allegedly "unique combination" of URLs and URL categories. Dkt. 38 at 10. Nor has zvelo set forth any plausible claim that the unspecified URLs and URL categories allegedly in Akamai's possession are a cognizable compilation trade secret. *See, e.g., STIM, LLC v. Aecom Tech. Services*, Inc., 15-0772-CV-W-ODS, 2016 WL 1298145, at *4 (W.D. Mo. Apr. 1, 2016) (dismissing compilation trade secret claim in part because the plaintiff failed to "identif[y] what its unique compilation rubric is"). For these reasons, zvelo's concession that the only relevant trade secret is its zveloDB cannot save its trade secret claims.

### B. Trade Secret Element Two: zvelo has not plausibly alleged that Akamai used zvelo's alleged trade secrets.

zvelo argues in its Response that its Complaint contains allegations sufficient to support a plausible claim that Akamai used zvelo's alleged trade secrets. zvelo points to the contentions in its Complaint concerning how zvelo used unspecified "publically-available information" and unspecified "zveloDB security measures" to determine that Akamai misappropriated unspecified URLs and URL categories from the zveloDB. Dkt. 38 at 8. But zvelo's failure to provide any explanation or context whatsoever about the public information and security measures it used to

3

investigate Akamai's alleged misappropriation of unspecified information from the zveloDB is nothing more than a threadbare, conclusory allegation, and this sort of allegation is insufficient to withstand a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to support a cause of action); *see also* Black's Law Dictionary 351 (10th ed. 2014) (defining "conclusory" as "[e]xpressing a factual inference without stating the underlying facts on which the inference is based").

zvelo half-heartedly attempts to distinguish *Ciena Communications* by stating that zvelo, unlike plaintiff in *Ciena*, "***does*** explain how it came to believe that Akamai was using its trade secrets." Dkt. 38 at 12 (emphasis original; citing *Ciena Commc'ns, Inc. v. Nachazel*, No. 09-CV-02845-MSK-MJW, 2010 WL 3489915 (D. Colo. Aug. 31, 2010)). zvelo, however, offers only a conclusory assertion, not an explanation, about its belief that Akamai is using the zveloDB. And zvelo does not even attempt to distinguish *Edifecs Inc. v. TIBCO Software Inc.*, 756 F. Supp. 2d 1313, 1320–21 (W.D. Wash. 2010), a case where, just like zvelo here, plaintiff alleged no specific facts to suggest that the defendant was using trade secrets in a way that amounted to misappropriation. *Id.* (dismissing trade secret claim as too speculative).

      C.    **Trade Secret Element Three: zvelo has not plausibly claimed that Akamai improperly acquired the alleged trade secrets.**

zvelo claims in its Response that it has sufficiently alleged that Akamai improperly acquired trade secrets because zvelo never directly gave Akamai permission to use its database and none of zvelo's licensees have reported to zvelo that they have provided products or services to Akamai which rely on the zveloDB. Dkt. 38 at 8. But zvelo ***permits*** companies like Akamai to legitimately acquire the right to use information in the zveloDB from third parties. Indeed,

4

according to the facts set forth in zvelo's Complaint, even if Akamai did have information originating from the zveloDB, Akamai could have legitimately acquired that information from any one of the "many … network security and web filtering vendors" who incorporate the zveloDB as part of their products or services *and* who are authorized to relicense the zveloDB when the zveloDB "is incorporated into an OEM solution." Dkt. 1 at ¶¶ 12, 39. Moreover, the allegations in zvelo's Complaint do not rule out the possibility that the unspecified URLs and URL categories purportedly in Akamai's possession were independently developed by Akamai or one of Akamai's vendors. Because zvelo's allegations regarding Akamai's alleged use of URLs and URL categories that also appear in the zveloDB are completely compatible with proper conduct by Akamai, zvelo has failed to state a plausible claim for trade secret misappropriation and its claims should therefore be dismissed. *See Ciena Commc'ns, Inc.*, 2010 WL 3489915, at *2, n.2 (citing *Twombly*, 550 U.S. at 567).

### D. zvelo's Unjust Enrichment claim is preempted by CUTSA

zvelo should not be permitted to simultaneously assert a CUTSA claim and an unjust enrichment claim for Akamai's alleged use of the zveloDB. To allow multiple theories of relief for the same underlying harm would be at odds with CUTSA's preemption provision and with applicable case law. CUTSA's preemption provision bars claims that "are no more than a restatement of the same operative facts which would plainly and exclusively spell out only trade secret misappropriation." *Powell Prods., Inc. v. Marks*, 948 F. Supp. 1469, 1474 (D. Colo. 1996). Here, zvelo's unjust enrichment claim arises out of the exact same allegations that zvelo cites in support of its CUTSA claim—zvelo alleges that Akamai used some unspecified portion of the zveloDB without zvelo's permission.

5

In *Powell Products*, the plaintiff asserted a claim for conversion, alleging that the defendants stole trade secrets, mechanical drawings, blueprints, and specifications for plaintiff's machine.  Although the court decided that plaintiff's conversion claim was not preempted with respect to claims concerning the theft of physical property, it determined that the conversion claim was preempted with respect to trade secret claims:

> To the extent that plaintiff's claim seeks recovery for defendants' misappropriation of plaintiff's intellectual property, it is seeking to recover for misappropriation of trade secrets. If the design of the plaintiff's machine is not a trade secret, plaintiff has no property right in its design, and it therefore would have no claim.  Alternatively, if the design is a trade secret, plaintiff's claim is preempted by the UTSA.

*Id.* at 1474-75.

zvelo makes the misguided argument in its Response that the holding in *Powell* is distinguishable here because zvelo has asserted a claim for unjust enrichment, not conversion.  Dkt. 38 at 14 n. 6.  In fact, this Court has explained that the preemption holding in *Powell* applies in a situation where the underlying basis for CUTSA and unjust enrichment claims overlap. *Hawg Tools, LLC v. Newsco International Energy Services, Inc.*, Dkt. 60, No. 14-cv-03011-REB-MJW, (D. Colo. 2015).  In *Hawg Tools*, the plaintiff alleged that the defendant had used plaintiff's product designs and asserted claims for trade secret misappropriation and unjust enrichment.  *Id.* at *10.  Relying on *Powell Products*, the Magistrate Judge found that plaintiff's unjust enrichment claim was preempted:

> [T]here are no allegations that Defendants have misappropriated any drawings, plans, or other tangible property; the Amended Complaint alleges that they have misappropriated [designs] and nothing else.  Further, Plaintiff has pointed to no authority for the proposition that the Designs (or any portion thereof) are protectable by virtue of anything other than their potential status as trade secrets. As a result, Plaintiff's civil theft and unjust-enrichment claims are displaced.

6

*Id.*[2]

Because zvelo does not allege that Akamai was unjustly enriched by misappropriation of physical equipment, nor does it make any similar categorical distinction between the alleged harm giving rise to its CUTSA and unjust enrichment claims, zvelo's unjust enrichment claim is preempted by CUTSA and should be dismissed.[3]

### E. Conclusion

For the foregoing reasons and those set forth in Akamai's motion to dismiss (Dkt. 28), Akamai respectfully requests that the Court GRANT Akamai's motion and DISMISS zvelo's complaint.

---

[2] These findings and recommendations of the magistrate judge were ultimately not adopted by the District Court Judge, who later denied the relevant motion as moot on unrelated grounds.

[3] zvelo makes a passing reference in a heading in its Response brief to the purported fact that "Akamai Could be Liable for Interference with Business Relations." Dkt. 38, at 14. zvelo, however, makes no attempt to tie any purported "interference with business relations" to the unjust enrichment claim in its Complaint. Furthermore, even if such a claim were at issue, it would also be preempted by CUTSA. *See RV Horizons Inc. et al. v. Jamie Smith, et al.*, 1:18-CV-02780-NYW, 2019 WL 1077366, at *17 (D. Colo. Mar. 7, 2019).

Date: March 15, 2019

**WHEELER TRIGG O'DONNELL LLP**

*/s/ Kathryn A. Reilly*
Kathryn A. Reilly
Melissa L. Romero
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202-5647
T: 303.244.1800
F: 303.244.1879
reilly@wtotrial.com
romero@wtotrial.com

Respectfully submitted,

**DLA PIPER LLP (US)**

Michael Strapp
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
T: 617.406.6000
F: 617.406.6147
michael.strapp@dlapiper.com

Allissa A.R. Pollard
Christopher B. Donovan
1000 Louisiana Street, Suite 2800
Houston, Texas 77002-5005
T: 713.425.8400
F: 713.425.8401
allissa.pollard@dlapiper.com
christopher.b.donovan@dlapiper.com

**COUNSEL FOR DEFENDANT AKAMAI SOFTWARE TECHNOLOGIES, LTD.**

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on March 15, 2019, I electronically filed the foregoing DEFENDANT AKAMAI SOFTWARE TECHNOLOGIES, LTD.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

　　　　　　　　　　　　　　　　　　 /s/ Claudia Jones