IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crew

Civil Action No. 1:19-cv-00097-PAB-SKC

ZVELO, INC.,

    Plaintiff,

v.

AKAMAI TECHNOLOGIES, INC.,

    Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART [#65] PLAINTIFF'S SECOND MOTION FOR LEAVE TO AMEND THE SCHEDULING ORDER TO EXTEND THE DISCOVERY DEADLINE**

This Order addresses Plaintiff zvelo, Inc.'s ("zvelo") Second Motion for Leave to Amend the Scheduling Order to Extend the Discovery Deadline (the "Motion") [#65].[1] The Court has reviewed Defendant Akamai Technologies, Inc.'s ("Akamai") Response [#68] and did not grant leave for a Reply. For the following reasons, the Motion is GRANTED IN PART and DENIED IN PART.

**A. DISCUSSION**

zvelo seeks modification of the discovery cut-off deadline and the dispositive motions deadline. Akamai opposes an amendment of the discovery cut-off deadline but consents to modification of the dispositive motion deadline.

First, the Court finds that zvelo has failed to show good cause for modification of

---

[1] The Court uses "[#__]" to refer to specific docket entries in CM/ECF.

1

the deadline. zvelo asserts good cause exists because its counsel "continues to analyze the large volume of [discovery responses] produced by Akamai and to identify the discovery responses zvelo believes must be supplemented by Akamai." [#65 at p.4.] By zvelo's own assertions, it has not identified any discovery responses requiring supplementation. [*See id.*] Indeed, zvelo acknowledges this request is made, "out of an abundance of caution . . . .: [*Id.*] This does not constitute good cause.

In any event, Akamai "is under a continuing duty to supplement the expert report if there are additions or changes to what has been previously disclosed." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (citing Fed. R. Civ. P. 26(a)(2)(C), 26(e)(1)). Rule 26(e) obligates Akamai to supplement its discovery responses, if necessary, "<u>in a timely manner</u> if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." Fed. R. Civ. P. 26(e) (emphasis added). The duty to supplement survives the discovery cut-off deadline. Moreover, Rule 37(c) allows for sanctions against Akamai if it fails to supplement its disclosures as required by Rule 26(e). Fed. R. Civ. P. 37(c). These procedural requirements and safeguards satisfy the Court that zvelo's interests in receiving complete discovery responses will be served.

Finally, Chief Judge Brimmer's Practice Standards require a party seeking extension of a deadline to file a motion at least three days before the deadline. Here, zvelo filed its Motion on October 4, 2019, the day of the discovery cut-off deadline. Accordingly, zvelo's Motion was untimely and, pursuant to Chief Judge Brimmer's Practice Standards, the Motion should be denied for failure to comply with those practice

standards. For these reasons, the Court DENIES the Motion to the extent it seeks to modify the discovery cut-off deadline.

Second, zvelo and Akamai request an extension of the Dispositive Motion deadline to January 10, 2020. [*See* ## 65 and 68.] The dispositive motion deadline is currently set for November 4, 2019. zvelo was granted leave to amend its complaint by October 31, 2019. [*See* #63.] The short period of time between the amendment deadline and the dispositive motion deadline constitutes good cause to extend the dispositive motion deadline. Therefore, the Court GRANTS the Motion to the extent it seeks to amend the dispositive motion deadline.

## B. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motion is DENIED IN PART and GRANTED IN PART as follows: the Discovery Cut-Off deadline will remain as set; and the Dispositive Motion deadline is RESET for January 10, 2020.

In light of this Order, IT IS FURTHER ORDERED that the Scheduling Order is modified as follows: the Proposed Final Pretrial Order is due by March 11, 2020; and the Final Pretrial Conference is RESET for March 18, 2020 at 10:30 AM in Courtroom C201 before Magistrate Judge S. Kato Crews.

DATED: October 29, 2019

BY THE COURT:

S. Kato Crews
United States Magistrate Judge